**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAMES MADISON PROJECT          *
1250 Connecticut Avenue, NW   *
Suite 200                         *
Washington, DC  20036        *
                                       *
     Plaintiff                 *
                                       *     Civil Action No. 08- _____
     v.                      *
                                       *
CENTRAL INTELLIGENCE AGENCY *
Washington, DC  20505        *
                                       *
     Defendant.             *
                                       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records improperly withheld from plaintiff James Madison Project by defendant Central Intelligence Agency.

### JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### VENUE

2.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### PARTIES

3.   Plaintiff James Madison Project ("JMP") is a non-profit organization under the laws of the District of Columbia and has the ability to disseminate information on a wide scale. Stories concerning our activities have received prominent mention in many publications including, but not limited to, *Washington Post, Washington Times,*

*St. Petersburg Tribune, San Diego Union Tribune, European Stars & Stripes, Christian Science Monitor, U.S. News and World Report, Mother Jones* and *Salon Magazine*.

4.    Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by JMP which are the subject of this action.

## **BACKGROUND**

5.    John L. Helgerson ("Mr. Helgerson") has served as the Inspector General of the CIA since April 26, 2002. Since his appointment, Mr. Helgerson has led numerous internal investigations into controversial programs that began in the aftermath and as a result of the September 11, 2001, terrorist attacks, including such high-profile programs as the CIA's detention and interrogation of terrorist suspects. Mr. Helgerson also conducted an investigation into the CIA's actions prior to the September 11, 2001, terrorist attacks, resulting in a report which recommended "accountability boards" to consider disciplinary action against a handful of senior officials.

6.    Upon information and belief, the prolonged and aggressive nature of these investigations has caused bitter resentment on the part of certain CIA operatives and officials towards the Office of the Inspector General ("OIG") in general and Mr. Helgerson in particular.

7.    On October 12, 2007, the CIA confirmed that Director General Michael V. Hayden ("Director Hayden") had authorized an internal investigation into the operations of the CIA's OIG, specifically focusing on the conduct of Mr. Helgerson. The basis of the review is to address complaints that the OIG's investigations have not consisted of a fair and impartial review but rather as a "crusade" against CIA officials involved in controversial programs. CIA spokesman Paul Gimigliano refused to characterize the internal review – which is being overseen by Robert L. Deitz, Senior Counselor to Director Hayden, and Michael J. Morell, Associate Deputy Director - as an

"investigation" and insisted that Director Hayden's only objective was to assist the OIG in doing "its vital work even better."

8.    Upon information and belief, the CIA's stated basis for and characterization of the internal investigation is both misleading and inaccurate. Upon further information and belief, the commencement of such an investigation poses a conflict of interest and threatens to undermine the independence of the OIG.

9.    Frederick P. Hitz, who served as the CIA's Inspector General from 1990 to 1998 and currently teaches at the University of Virginia, stated on October 12, 2007, that any investigation by Director Hayden into the OIG's work would "not be proper."

10. Pursuant to the Inspector General Act of 1978, only the President of the United States may remove the Inspector General of a Cabinet-level or major agency. In the event of such action, both houses of Congress must be notified of the rationale justifying the removal.

11. Upon information and belief, Director Hayden lacks the authority to initiate an internal investigation designed to address complaint(s) against both the OIG as a whole and Mr. Helgerson in particular.

12. Pursuant to Executive Order 12993, allegations of misconduct by an Inspector General and/or senior staff members of an agency's OIG are referred to the Integrity Committee of the President's Council on Integrity and Efficiency ("PCIE"). Pursuant to Section 2(c) of Executive Order 12993, the Integrity Committee shall determine if there is a substantial likelihood that the allegation "discloses a violation of any law, rule or regulation, or gross mismanagement, gross waste of funds or abuse of authority." To the extent that an investigation is necessary, the Public Integrity Section of the Department of Justice or the Federal Bureau of Investigation will conduct the investigation on behalf of the Integrity Committee.

13. Upon information and belief, to date, Director Hayden has not referred any complaint(s) against Mr. Helgerson and/or his staff to the Integrity Committee of the PCIE.

## **COUNT ONE**

14. JMP repeats and realleges the allegations contained in paragraphs 5 through 13 above, inclusive.

15. By letter dated October 18, 2007, JMP submitted to the CIA a FOIA request which sought copies of all internal CIA documents pertaining to discussions concerning the decision to initiate an internal review of the operations of Mr. Helgerson, and of the OIG as a whole. Copies of news articles from the *Los Angeles Times*, *New York Times*, and *USA Today* that detailed the CIA's confirmation that an internal review had been authorized were included. The request sought a waiver of all fees, noting that JMP is a non-profit organization with the ability to disseminate information on a wide scale, the information would contribute to the public's understanding of government operations or activities and is in the public interest, and that JMP had been granted a fee waiver on all prior requests.

16. By letter dated November 5, 2007, the CIA acknowledged receipt of JMP's request and assigned it Request No. F-2008-00103. The CIA also granted JMP's request for a waiver of fees.

17. By telephone on February 21, 2008, JMP's Deputy Executive Director, Bradley P. Moss, contacted CIA's FOIA Requester Service Center for a status update on the request. The CIA stated that the request was still being processed and indicated that it could not provide a concrete date upon which the process would be completed.

18. By letter dated March 3, 2008, CIA informed JMP that the request was still being processed.

19. As twenty working days have elapsed without a substantive determination by the CIA, JMP has constructively exhausted all required administrative remedies.

20. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the CIA of said right.

WHEREFORE, plaintiff James Madison Project prays that this Court:

(1) Orders the Central Intelligence Agency to disclose the requested records in their entireties and make copies promptly available to it;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   April 21, 2008

Respectfully submitted,

/s/

_____
Mark S. Zaid, Esq.
DC Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, NW
Suite 200
Washington, DC  20036

Attorneys for Plaintiff

Kelly Brian McClanahan
NYS Bar #4563748
Mark S. Zaid, P.C.
1250 Connecticut Avenue, NW
Suite 200
Washington, DC  20036

Of Counsel

$\overline{08} - 708$
$JR$

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| James Madison Project | Central Intelligence Agency |

*1100l*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**     Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAN

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Bradley P. Moss, Esq.
Mark S. Zaid, P.C.,1250 Connecticut Avenue, NW,
Suite 200, Washington, DC 20036
202-907-7945

ATT

Case: 1:08-cv-00708
Assigned To : Robertson, James
Assign. Date : 4/22/2008
Description: FOIA/Pricavy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     **OR**     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

*3*

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ◎ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◎ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Action under 5 U.S.C. § 552 to compel disclosure of records improperly withheld from Plaintiff by Defendant.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ Check YES only if demanded in complaint<br>**JURY DEMAND:**   YES ☐   NO ☒ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE   April 21, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.