**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES MADISON PROJECT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 08-0708 (JR) |
| : | |
| CENTRAL INTELLIGENCE AGENCY, : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

The James Madison Project (JMP) brought this FOIA action to compel the CIA to respond to its October 2007 request for "copies of all internal [CIA] documents *pertaining to discussions concerning the decision to initiate* an internal review of the operations of the CIA's Inspector General ("IG"), John Helgerson, and of the IG's office as a whole."  Dkt. 5, Ex. A (emphasis added).  The CIA has since reported that it has found no responsive records, id., Ex. D, and has moved to dismiss, or, alternatively, for summary judgment.

To prevail, the CIA must "show beyond a material doubt that it has conducted a search reasonably calculated to uncover all relevant documents."  Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  The CIA must defend the search process, not its outcome: "the agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested

records." Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004) (citations omitted).

The CIA's initial attempt to meet this standard was the affidavit of Delores M. Nelson, a senior CIA public information official. See First Nelson Decl. JMP challenged Ms. Nelson's affidavit on two grounds: that it did not explain why the CIA searched only for records within the Director of the Central Intelligence Agency (DCIA) component, and that it did not explain why the CIA searched only for records generated before November 5, 2007.[1] The CIA has addressed both of those points in a second affidavit of Ms. Nelson. She states that the CIA only searched the DCIA component because "the Director of the CIA decided to initiate the review [,] the Office of the DCIA carried out the review of the IG . . . [and] the other directorates of the CIA . . . were not involved in the decision to initiate the internal review." Second Nelson Decl., at ¶ 3. She also explains that the CIA's search for pre-November 5, 2007 documents

---

[1] JMP's other concerns about the first Nelson declaration -- its failure to describe "which of the 'example' search terms were used in which particular record systems," "what other search terms were used in conducting the search," and "whether and to what degree the CIA revised its initial search in light of information discovered during initial phases of the search" -- ask too much of the CIA. See, e.g., Miller v. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) ("An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith").

was reasonable because the CIA's decision to conduct an internal review of the IG occurred well before that date. <u>Id</u>., at ¶ 4.

JMP also finds the CIA's failure to produce at least one of the IG's semiannual reports suspicious, since the internal inquiry into the IG's performance lasted approximately ten months. JMP concedes that "the inability of an agency to find a particular document does not generally render a search inadequate," but relies on <u>Nation Magazine, Wash. Bureau v. U.S. Customs Serv.</u>, 71 F.3d 885 (D.C. Cir. 1995), for the proposition that "in certain circumstances a court may place significant weight on the fact that a records search failed to turn up a particular document." Dkt. 9, at 12. Ms. Nelson notes, however:

> While the IG's Office is obligated to meet certain reporting requirements under the CIA Act, the CIA did not search for any IG reporting relating to the internal review of the IG's office simply because these documents would not be responsive to Plaintiff's request. Any documentation relating to the IG Office's compliance with the internal review would not be responsive to a request for records relating to the *decision to initiate* the internal review of the IG and the IG's office as a whole.

Second Nelson Decl., at ¶ 5 (emphasis in original).

The CIA's position rests upon a careful and literal, but not improper, reading of JMP's narrow and awkwardly worded FOIA request. The two Nelson declarations demonstrate that the search -- for what JMP asked for -- was reasonable.

*   *   *

The CIA's motion to dismiss JMP's amended complaint will be granted. The exquisitely nuanced question of whether plaintiff filed an amended or supplemental complaint is mooted, in this instance, by the exercise of my discretion not to allow plaintiff to alter and expand this litigation more than two months after a motion for summary judgment on its original complaint was fully briefed and under submission. The FOIA requests plaintiff made to different agencies about the same or similar subjects involved in this case will have to be pursued separately.

An appropriate order accompanies this memorandum.


                                    JAMES ROBERTSON
                              United States District Judge